UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**MILIJANA VLASTELICA,**
         **Plaintiff,**

v.                                                                                        **Case No. 15-cv-0910**
                                                                                           **WIEB Case No. 14-02579**

**DAVID NOVOSELSKY,**
         **Defendant.**
_____

## **DECISION AND ORDER**

David Novoselsky filed for Chapter 11 bankruptcy in October 2014.[1] Milijana Vlastelica is a pro se creditor who filed an adversary proceeding in the bankruptcy court. Vlastelica has filed a motion to withdraw the reference in the adversary proceeding, which I now consider.

Novoselsky is a lawyer who represented Vlastelica in a matrimonial dispute in Illinois. Vlastelica sued Novoselsky in Illinois state court for legal malpractice, fraud, and breach of contract as a result of that representation. That litigation is still pending and is currently stayed pursuant to 11 U.S.C. § 362(a). Vlastelica filed a proof of claim in Novoselsky's bankruptcy case and a separate adversary proceeding asking the court to determine the dischargeability of her claim. She then asked the bankruptcy judge to lift the automatic stay so that her state court litigation against Novoselsky could proceed. The bankruptcy court denied that motion, *see In re Novoselsky*, No. 14-cv-29136 (Bankr. E.D. Wis. Nov. 13, 2014), as well as Vlastelica's motion to reconsider the issue, *see In re*

---

[1] The case was converted to a Chapter 7 bankruptcy in July 2015. *See In re Novoselsky*, No. 14-cv-29136 (Bankr. E.D. Wis. July 27, 2015). This does not affect my analysis.

*Novoselsky*, No. 14-cv-29136 (Bankr. E.D. Wis. May 14, 2015). She then filed a motion to withdraw the reference in the adversary proceeding in July 2015. The bankruptcy court gave the parties 14 days to object, and Novoselsky did not file an objection to the motion.[2]

Although Vlastelica's motion is a bit difficult to follow, it appears that she is asking me to do several things. First, she asks me to withdraw the reference to the bankruptcy court and preside over the adversary proceeding myself, arguing that the bankruptcy court does not have jurisdiction under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), because her underlying claims against Novoselsky are grounded in state law. Next, she asks me to abstain from hearing her state law claims under 28 U.S.C. § 1334(c) and to instead allow her to pursue judgment against Novoselsky in state court. Essentially, she appears to be asking me to do what the bankruptcy court would not do; lift the automatic stay so that her state court litigation can proceed.

District courts have original and exclusive jurisdiction of bankruptcy cases. 28 U.S.C. § 1334(a). They also have original but not exclusive jurisdiction of proceedings arising under Title 11 and arising in or related to cases under Title 11. § 1334(b). The Eastern District of Wisconsin has referred all bankruptcy cases to its bankruptcy court. *See* Order of Reference (E.D. Wis. July 16, 1984), *available at* http://www.wied.uscourts.gov/index.php?option=com_content&task=view&id=15&Itemid=123.

However, I may "withdraw, in whole or in part, any case or proceeding [referred to

---

[2] On August 31, 2015, Novoselsky filed a third party complaint under the district court case number. I will order that this complaint be stricken from the record as it was improperly filed. Until I decide whether or not to withdraw the reference, the adversary proceeding continues in the bankruptcy court pursuant to the Eastern District of Wisconsin's standing order on reference. Thus, any third party complaints purporting to implead parties should be filed with the bankruptcy court, not the district court.

2

a bankruptcy judge] . . . for cause shown." 28 U.S.C. § 157(d).[3] In determining whether to withdraw the reference to the bankruptcy court, I consider the following factors: "(I) whether the proceeding is core or non-core, (ii) considerations of judicial economy and convenience, (iii) promoting uniformity and efficiency of bankruptcy administration, (iv) forum shopping and confusion, (v) conservation of debtor and creditor resources, and (vi) whether the parties requested a jury trial." *In re Emerald Casino, Inc.*, 467 B.R. 128, 135 (N.D. Ill. 2012). "[P]ermissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.'" *In re K&R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007) (quoting *Xonics v. First Wis. Fin. Corp.*, 813 F.2d 127, 131 (7th Cir. 1987)). The movant, in this case Vlastelica, bears the burden of establishing that withdrawal is appropriate. *Id.*

A "core" proceeding is one "that arise[s] in a bankruptcy case or under Title 11." *Stern*, 131 S. Ct. at 2605. 28 U.S.C. § 157(b)(2) provides a list of examples of core proceedings. Congress has authorized bankruptcy courts to "hear and determine . . . all core proceedings," including authority to enter final judgment. 28 U.S.C. 157(b)(1); *Stern*, 131 S. Ct. at 2604. In contrast, a "non-core" proceeding is one that does not arise under Title 11 or in the bankruptcy case, but which is otherwise related to a case under Title 11. § 157(c)(1). In non-core proceedings, the bankruptcy judge merely makes recommendations that are subject to *de novo* review in the district court. *Id.*

---

[3] 28 U.S.C. § 157(d) also requires me to grant a timely motion to withdraw a reference to bankruptcy court when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Because Vlastelica's underlying claims are state law claims, this section does not apply.

3

Here, Vlastelica's adversary complaint asks the bankruptcy court to determine the dischargeability of her claim, which clearly falls within the statutory definition of a core proceeding because her claim of non-dischargeability arises under title 11. *See* 11 U.S.C. § 523(a)(2) (providing that a debt is non-dischargeable if it is obtained by false pretenses of fraud); 28 U.S.C. § 157(b)(2)(I) (listing "determinations as to the dischargeability of particular debts" as an example of a core proceeding). Further, Vlastelica filed a proof of claim in the main bankruptcy case, and this too is clearly a core proceeding under the statute. *See* 28 U.S.C. § 157(b)(2)(B) (listing "allowance and disallowance of claims" as a core proceeding). Thus, the proceeding is a core matter that Congress purported to give the bankruptcy judge authority to adjudicate.

This congressional authorization must, however, be constitutional. When a claim is one "under state common law between two private parties," *Stern*, 131 S. Ct. at 2614, it may not be heard by a non-Article III judge unless it arises "as part of the process of allowance and disallowance of claims," *id.* at 2616 (quoting *Katchen v. Landy*, 382 U.S. 323, 336 (1966)), or when the claim becomes "integral to the restructuring of the debtor-creditor relationship," *id.* at 2617 (quoting *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990)).

In this case, the fact that Vlastelica's underlying claims are state law claims does not defeat the bankruptcy court's authority to enter final judgment. Although Vlastelica's underlying claims against Novoselsky are based on state law, she filed a proof of claim in the bankruptcy case. This triggered the process of "'allowance and disallowance of claims,' thereby subjecting [herself] to the bankruptcy court's equitable power." *Langenkamp*, 498 U.S. at 43; *see also Stern*, 131 S. Ct. at 2616–17 (distinguishing between a situation in

4

which a creditor files a proof of claim and thus has "no basis . . . to insist that the issue be resolved by an Article III judge" and a situation in which the creditor does not file a proof of claim, in which case the underlying claims do not become part of the claims allowance process); 1 Robert E. Ginsberg, Robert D. Martin, and Susan V. Kelley, *Ginsberg & Martin on Bankruptcy* § 1.03[A] (5th ed. 2015) ("[I]f the defendant has filed a proof of claim, the bankruptcy court has authority to adjudicate the underlying basis of the claim."). The bankruptcy court thus has the constitutional authority to finally determine Vlastelica's claim, including state law issues that arise within that claim. The bankruptcy court may also be required to determine state law issues while determining the dischargeability of her claim in the adversary proceeding. This too is proper if necessary to resolving the issue of dischargeability. *See In re Boricich*, 464 B.R. 335 (Bankr. N.D. Ill. 2011) (concluding that the bankruptcy court may properly reference state law in determining the amount of a debt asserted to be nondischargeable).

Vlastelica has chosen to file a proof of claim and an adversary proceeding seeking a dischargeability determination with regard to her claim. To the extent that the bankruptcy court is required to determine underlying state law issues in the process of resolving the claim and the dischargeability of the claim, it may do so. *Se Katchen*, 382 U.S. at 333 n.9 ("[H]e who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure."). Thus, because the adversary proceeding and plaintiff's proof of claim are core matters and because the bankruptcy court may properly enter final judgment, this factor weighs in favor

5

of not withdrawing the reference.[4]

Several other factors also weigh in favor of denying the motion to withdraw the reference. First, the bankruptcy court is much more familiar with the details of this case and with bankruptcy law than I am and thus will be more efficient in deciding this matter. Second, having the same judge preside over both Vlastelica's adversary proceeding and the main bankruptcy will result in a more efficient administration of the bankruptcy case. Finally, I have some concerns that Vlastelica is using withdrawal as a means of forum shopping; she has now asked two different bankruptcy judges to lift the automatic stay of her state court litigation, and both have denied her requests. It appears that her withdrawal motion is an attempt to seek a third opinion on the issue.

Vlastelica makes one additional argument for withdrawal, that I should withdraw the reference under 28 U.S.C. § 157(e), which states, "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise such jurisdiction by the district court and with the express consent of the parties." Vlastelica argues that because she has a right to a jury trial on her state law claims, the bankruptcy court cannot preside over her claims and I must withdraw the reference in order for her to maintain her right to a jury trial. However, Vlastelica filed a proof of claim in the main bankruptcy, and

---

[4] The bankruptcy court is charged with determining whether a particular matter is core or non-core. *See* 28 U.S.C. § 157(b)(3). However, I am required to address the issue in determining Vlastelica's withdrawal motion. I believe the adversary proceeding is core, but I do not mean to preempt the bankruptcy court's authority to make that determination in the first place or to limit its analysis on the issue. If the bankruptcy court determines it does not have statutory or constitutional authority to enter final judgement, it may enter proposed findings and recommendations. § 157(c)(1).

6

by doing so she waived her right to a jury trial. *See Langenkamp*, 498 U.S. at 44–45 (holding that "a creditor's right to a jury trial . . . depends upon whether the creditor has submitted a claim against the estate" and that creditors who submit claims "subject themselves to the bankruptcy court's equitable power" and have no right to a jury trial); *In re Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 798–99 (7th Cir. 1998) ("Those creditors who have filed proofs of claims . . . were not entitled to a jury trial because by filing a claim, those creditors had brought themselves within the equitable jurisdiction of the bankruptcy court."); *In re K&R Express Sys., Inc.*, 382 B.R. at 448 ("The law is clear in this circuit that [filing a proof of claim] constitutes consent to the equitable jurisdiction of the bankruptcy court and thus effects a 'waiver' of the right to a jury trial."). Thus, § 157(e) does not apply. For these reasons, I will deny Vlastelica's request to withdraw the reference.

Vlastelica has also asked me to abstain pursuant to 28 U.S.C. § 1334(c) from ruling on her state law claims and instead allow them to proceed in state court. Because I decline to withdraw the reference in this case, the question of whether to abstain and to allow the state court litigation to proceed is properly addressed by the bankruptcy court.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to withdraw reference and for abstention (ECF No. 1) is **DENIED**, and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant's third party complaint (ECF No. 2) is **STRICKEN**.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge